**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| BRICKLAYERS & ALLIED CRAFTWORKERS LOCAL 1 OF PA/DE<br>2706 Black Lake Place<br>Philadelphia, PA 19154 | : <br> : <br> : <br> : <br> : |
| and | : <br> : |
| TRUSTEES OF BRICKLAYERS & ALLIED CRAFTWORKERS LOCAL 1 OF PA/DE JOINT APPRENTICE AND TRAINING FUND<br>2704 Black Lake Place<br>Philadelphia, PA 19154 | :     Case No.<br> : <br> : <br> : <br> : |
| and | : <br> : |
| TRUSTEES OF BRICKLAYERS & ALLIED CRAFTWORKERS LOCAL 1 OF PA/DE ANNUITY FUND<br>2704 Black Lake Place<br>Philadelphia, PA 19154 | : <br> : <br> : <br> : <br> : |
| and | : <br> : |
| TRUSTEES OF BRICKLAYERS & ALLIED CRAFTWORKERS LOCAL 1 OF PA/DE PENSION FUND<br>2704 Black Lake Place<br>Philadelphia, PA 19154 | : <br> : <br> : <br> : <br> : |
| and | : <br> : |
| TRUSTEES OF BRICKLAYERS & ALLIED CRAFTWORKERS LOCAL 1 OF PA/DE HEALTH & WELFARE FUND<br>2704 Black Lake Place<br>Philadelphia, PA 19154 | : <br> : <br> : <br> : <br> : |
| and | : <br> : |
| TRUSTEES OF BRICKLAYERS & TROWEL TRADES INTERNATIONAL PENSION FUND<br>620 F Street, N.W., Suite 700<br>Washington, D.C. 20004 | : <br> : <br> : <br> : |

|  | : |
| Plaintiffs, | : |
|  | : |
| v. | : |
|  | : |
| SAIBER INC. | : |
| 323 Garth Road | : |
| Oreland, PA 19075 | : |
|  | : |
| and | : |
|  | : |
| ARIEL SAIBER | : |
| 323 Garth Road | : |
| Oreland, PA 19075 | : |
|  | : |
| and | : |
|  | : |
| TIMOTHY SAIBER | : |
| 323 Garth Road | : |
| Oreland, PA 19075 | : |
|  | : |
| Defendants. | : |

## COMPLAINT

### (TO COMPEL A PAYROLL AUDIT AND FOR EQUITABLE RELIEF)

1.    Plaintiff Bricklayers and Allied Craftworkers Local 1 of PA/DE ("BAC Local 1" or "Union") is a labor organization within the meaning of § 2(5) of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 152(5) and § 301(a) of the Labor-Management Relations Act ("LMRA"), 29 U.S.C. § 185(a); and an employee organization within the meaning of § 3(4) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(4), with its principal office at 2706 Black Lake Place, Philadelphia, PA 19154.

2.    Plaintiff the Board of Trustees of the Bricklayers and Allied Craftworkers Local 1 of PA/DE Joint Apprentice and Training Fund ("Joint Apprentice and Training Fund") is a multiemployer employee benefit plan as those terms are defined in Sections 3(3) and (37) of ERISA, 29 U.S.C. §§ 1002(3) and (37). The Joint Apprentice and Training Fund was established

and is maintained according to the provisions of its Restated Agreement and Declaration of Trust. The Joint Apprentice and Training Fund is administered at 2704 Black Lake Place, Philadelphia, PA 19154. The Trustees are the designated fiduciaries as defined in § 3(21) of ERISA, 29 U.S.C. § 1002(21).

3.    Plaintiff the Board of Trustees of the Bricklayers and Allied Craftworkers Local 1 of PA/DE Annuity Fund ("Annuity Fund") is a multiemployer employee benefit plan as those terms are defined in Sections 3(3) and (37) of ERISA, 29 U.S.C. §§ 1002(3) and (37). The Annuity Fund was established and is maintained according to the provisions of its Restated Agreement and Declaration of Trust. The Annuity Fund is administered at 2704 Black Lake Place, Philadelphia, PA 19154. The Trustees are the designated fiduciaries as defined in § 3(21) of ERISA, 29 U.S.C. § 1002(21).

4.    Plaintiff the Board of Trustees of the Bricklayers and Allied Craftworkers Local 1 of PA/DE Pension Fund ("Pension Fund") is a multiemployer employee benefit plan as those terms are defined in Sections 3(3) and (37) of ERISA, 29 U.S.C. §§ 1002(3) and (37). The Pension Fund was established and is maintained according to the provisions of its Restated Agreement and Declaration of Trust. The Pension Fund is administered at 2704 Black Lake Place, Philadelphia, PA 19154. The Trustees are the designated fiduciaries as defined in § 3(21) of ERISA, 29 U.S.C. § 1002(21).

5.    Plaintiff the Board of Trustees of the Bricklayers and Allied Craftworkers Local 1 of PA/DE Health & Welfare Fund ("Health & Welfare Fund") is a multiemployer employee benefit plan as those terms are defined in Sections 3(3) and (37) of ERISA, 29 U.S.C. §§ 1002(3) and (37). The Health & Welfare Fund was established and is maintained according to the provisions of its Restated Agreement and Declaration of Trust. The Health & Welfare Fund is

administered at 2704 Black Lake Place, Philadelphia, PA 19154. The Trustees are the designated fiduciaries as defined in § 3(21) of ERISA, 29 U.S.C. § 1002(21).[1]

6.      Plaintiff the Board of Trustees of the Bricklayers and Trowel Trades International Pension Fund ("International Trust Fund") is a multiemployer employee benefit plan as those terms are defined in Sections 3(3) and (37) of ERISA, 29 U.S.C. §§ 1002(3) and (37). The International Trust Fund was established and is maintained according to the provisions of its Restated Agreement and Declaration of Trust. The International Trust Fund is administered at 620 F Street, N.W., Suite 700, Washington, D.C. 20004. The Trustees are the designated fiduciaries as defined in § 3(21) of ERISA, 29 U.S.C. § 1002(21).

7.      Defendant Saiber Inc. ("Saiber") is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania. Saiber is an employer within the meaning of § 2(2) of the NLRA, 29 U.S.C. § 152(2) and § 301(a) of the LMRA, 29 U.S.C. § 185(a). Saiber is also an employer within the meaning of Sections 3(5), (9), (11), (12), and (14) of ERISA, 29 U.S.C. §§ 1002(5), (9), (11), (12), and (14) and Section 3 of the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. § 1001a, with an office located at 323 Garth Road, Oreland, PA 19075.

8.      Defendant Ariel Saiber is an adult citizen residing in the Commonwealth of Pennsylvania. This Complaint is brought against Ariel Saiber in her individual capacity as well as in her capacity as chief executive officer of Saiber. Upon information and belief, Ariel Saiber exercises control and discretion over the payroll of Saiber, including decisions regarding the collection and disbursement of any payroll deductions required under the collective bargaining agreement between the Union and Saiber ("CBA" or "Collective Bargaining Agreement"), Trust Documents, or as authorized by the employees of Saiber. As such, Ariel Saiber is a fiduciary to

---

[1] This Complaint refers to the Joint Apprentice and Training Fund, the Annuity Fund, the Pension Fund, and the Health & Welfare Fund collectively as the "Local Trust Funds."

the Union, the Local Trust Funds, and the International Trust Fund as defined in ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A).

9.      Defendant Timothy Saiber is an adult citizen residing in the Commonwealth of Pennsylvania. This Complaint is brought against Timothy Saiber in his individual capacity as well as in his capacity as a director of Saiber. Upon information and belief, Timothy Saiber exercises control and discretion over the payroll of Saiber, including decisions regarding the collection and disbursement of any payroll deductions required under the CBA, Trust Documents, or as authorized by the employees of Saiber. As such, Timothy Saiber is a fiduciary to the Union, the Local Trust Funds, and the International Trust Fund as defined in ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A).

## Jurisdiction

10.      This Court has jurisdiction of this action under Section 502 of ERISA, 29 U.S.C. § 1132, and supplemental jurisdiction for any state law claims under 28 U.S.C. § 1367(a). This is an action to compel an audit and for equitable relief.

11.      Venue is proper in this district pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e), as it is the district in which the Plaintiffs are located and administered.

12.      This Court has personal jurisdiction over the Defendants pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

## Facts

13.      At all relevant times, Saiber was a signatory and bound to a CBA between the Union and Saiber and/or the bargaining association of which Saiber is a member.

14.      During the period of January 2024 to the present, Saiber employed employees performing work covered by the applicable CBA.

15.     Saiber was party to a CBA with the Union that was effective from May 1, 2021 to April 30, 2025.

16.     The CBA provided a process for either party to terminate the CBA before it automatically renewed for the next term. Namely, the party who sought to terminate the CBA had to give written notice of modification or termination to the other party at least sixty days prior to the CBA's expiration.

17.     The Union did not receive any such notice from Saiber before the expiration date of the CBA.

18.     On or around November 3, 2024, Saiber notified the Union that it intended to close.

19.     On or around November 17, 2024, Saiber shared official notice of its dissolution with the Union through a letter dated November 1, 2024.

20.     The letter did not indicate that Saiber sought to terminate the CBA.

21.     Saiber did not actually dissolve. Saiber continues to bid and perform work covered by the CBA.

22.     The letter did not constitute an effective termination of the CBA.

23.     By its terms, the CBA therefore automatically renewed. Saiber is bound to the most recent CBA with the Union, which is effective from May 1, 2025 to April 30, 2029.

## COUNT I

## (TO COMPEL A PAYROLL AUDIT)

24.     The Plaintiffs incorporate by reference the allegations set forth in paragraphs 1 through 23 as if fully set forth in Count I.

25.     An audit of Saiber's records from January 1, 2024, to the date the audit can be completed, will permit the Plaintiffs to determine whether Saiber is properly reporting the correct

number of employees working under the CBA, the correct number of hours worked by the employees, the correct contribution rates, and the correct amounts owed to each of the Plaintiffs.

26.    Saiber has refused requests to cooperate in a payroll audit conducted on behalf of the Plaintiffs by the certified public accounting firm of Novak Francella, LLC.

27.    Pursuant to the applicable CBA, Saiber is a party to and bound by the terms and conditions of the Plaintiffs' Restated Agreements and Declarations of Trust.

28.    Under the terms of the CBA, the Plaintiffs' Restated Agreements and Declarations of Trust, Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), and *Central States Pension Fund v. Central Transport, Inc.*, 472 U.S. 559 (1985), the Plaintiffs are entitled to obtain and conduct an audit of Saiber's payroll and related records and Saiber is obligated to submit to a payroll compliance review conducted by the Plaintiffs.

29.    The Plaintiffs will seek a judgment in this action against the Defendants for all contributions, interest, liquidated damages, and attorneys' fees and costs which are discovered to be due as a result of the audit.

**WHEREFORE,** the Plaintiffs pray judgment on Count I as follows:

1.    For a Court Order requiring Saiber to submit all payroll books and records to the Plaintiffs, and to cooperate with the Plaintiffs' designee, the certified public accounting firm of Novak Francella, LLC, to complete a payroll compliance review, at the Defendants' expense, for the period of January 1, 2024, through the date the audit can be conducted;

2.    That the Court find the Defendants liable for all amounts owed to the Plaintiffs under the CBA as a result of the audit;

3.    To enter judgment against the Defendants in the amount of reasonable attorney's fees and costs incurred by the Plaintiffs in bringing this action;

7

4.      For such further relief as the Court may deem appropriate.

Respectfully submitted,

DATE: <u>April 17, 2026</u>

<u>_/s/ Kathleen Bichner_____</u>
Kathleen Bichner, Bar No. 320946
Eamon Coburn, Bar No. 338263
**O'DONOGHUE & O'DONOGHUE LLP**
325 Chestnut Street
Suite 600
Philadelphia, PA 19106
Telephone (215) 629-4970
Facsimile (215) 629-4996

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Complaint has been served by certified mail, as required by 502(h) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(h), on this 17th day of April 2026 on the following:

Secretary of the Treasury
15th. and Pennsylvania Ave., N.W.
Washington, DC 20220
ATTN: Employee Plans
      Internal Revenue Service

Secretary of Labor
200 Constitution Avenue, N.W.
Washington, DC 20210
ATTN: Assistant Solicitor
      for Plan Benefits Security

/s/ Kathleen Bichner
Kathleen Bichner

9